UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATASHA WHITE, | ) | CASE NO. 1:24-CV-135 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL, | ) | OPINION AND ORDER |
| SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Plaintiff Natasha White seeks judicial review of an adverse Social Security decision

under 42 U.S.C. § 405(g).  (ECF #1.)  This case was referred to a Magistrate Judge for Report

and Recommendation ("R&R") pursuant to Local Rule 72.2.  (*See* Docket Entry 1/24/24.)  The

Magistrate Judge recommends the Court affirm the Commissioner's final decision.  (ECF #11.)

White timely filed objections to the R&R (ECF #12) and the Commissioner responded.  (ECF

#13.)

PROCEDURAL HISTORY

In August 2021, White filed an application for Period of Disability, Disability Insurance

Benefits and Supplemental Security Income, alleging a disability onset date of January 1, 2013

and claiming she was disabled due to vertigo, arthritis, fibromyalgia, back condition and a leg

condition.  (ECF #6.)  White subsequently amended her alleged onset date to July 23, 2019.  *Id.*

The applications were denied initially and upon reconsideration, and White requested a hearing

before an administrative law judge ("ALJ").  *Id.*

1

On December 5, 2022, the ALJ held a hearing during which White, represented by counsel, and an impartial vocational expert ("VE") testified. *Id.* On January 18, 2023, the ALJ issued a written decision finding White was not disabled. *Id.* The ALJ's decision became final on December 7, 2023. *Id.*

White raised one argument challenging the ALJ's decision: "The ALJ's mental [residual functional capacity ("RFC")] finding is unsupported by substantial evidence he failed to properly evaluate the opinion of consultative examiner Dr. Gruenfeld." (*sic*) (ECF #7.) White argues the ALJ failed to properly discuss the supportability and consistency factors of Dr. Gruenfeld's opinion, warranting reversal. (ECF #7.) Specifically, White asserts that the ALJ used "circular logic" in finding Dr. Gruenfeld's opinion was persuasive only to the extent it supports moderate limitations in all four categories of mental functioning. She adds that the ALJ failed to account for the inherently subjective nature of mental illness. *Id.* White argues the ALJ supportability analysis was improperly "speculative" because the ALJ concluded Dr. Gruenfeld's opinion was "based on [White's] subjective reports rather than objective findings." *Id.*

The Commissioner argued that when a medical opinion fails to provide vocationally relevant terms it may fall to the ALJ to incorporate the limitations set forth in the opinion into vocational relevant terms presented to a vocational expert. (ECF #9.) The Commissioner argues that happened here: the ALJ converted Dr. Gruenfeld's opinion into medically relevant terms, presented them to the vocational expert and ultimately found White's mental RFC to be limited to "simple routine work with no strict production or fast-paced production requirements; occasional decision-making; occasional changes in the work setting; no work with or in proximity of the general public as part of routine job duties; occasional interaction with co-workers and supervisors[;] and no tandem work able to work in proximity to co-workers." *Id.*

The Commissioner added that White has failed to point to any evidence that suggests she is more impaired than the ALJ found, citing case law supporting the proposition that an ALJ may consider a lack of mental health treatment in setting forth an RFC determination where there is no evidence connecting the claimant's lack of treatment to the mental health disorder itself.  *Id.* The Commissioner argues the record contains sufficient evidence to support the ALJ's decision and that decision should be affirmed.  *Id.*

In her Reply Brief, White restated her argument regarding the ALJ's alleged use of circular reasoning.  (ECF #10.)  White also asserted the Commissioner failed to respond to issues raised in Plaintiff's Brief, including improper consistency analysis and the ALJ's assertion that Dr. Gruenfeld relied only on subjective complaints.  *Id.*

The Magistrate Judge's R&R considered the above arguments and concluded the Court should affirm the Commissioner's decision.  (ECF #11.)  The Magistrate Judge framed the discussion in terms of the most recent Revised Regulations, including the articulation of what is required in an ALJ's consideration of medical opinion evidence.  *Id.*  The Magistrate Judge quoted the ALJ's analysis of Dr. Gruenfeld's opinion and found that the ALJ properly considered the supportability and consistency of Dr. Gruenfeld's opinions, discussing Dr. Gruenfeld's acceptance of White's subjective reports and whether his opinion is consistent with the record.  *Id.*  The Magistrate Judge further noted that an ALJ need not explicitly use the terms supportability or consistency in an analysis.  *Id.*  The Magistrate Judge also emphasized that an ALJ may rely on a lack of medical health treatment records in a consideration of mental RFC. *Id.*  Ultimately, the Magistrate Judge concluded that the ALJ assessed both the supportability and consistency of Dr. Gruenfeld's opinion, properly weighed the evidence and resolved any

conflicts in the record to determine White's RFC.  *Id.*  The Magistrate Judge found no error and recommended the Court affirm the Commissioner's decision.  *Id.*

## STANDARD OF REVIEW

Within fourteen days of being served with a copy of a Magistrate Judge's R&R, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997); see also 42 U.S.C. § 405(g).  "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001)).  If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive.  *McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

White raises one objection to the R&R, mirroring the argument raised before the Magistrate Judge, "[t]he Court should decline to adopt the Magistrate Judge's finding that the ALJ properly evaluated the opinion of consultive examiner Dr. Gruenfeld."  (ECF #12.)  White concedes that the ALJ was permitted to consider White's lack of mental health care treatment but

---

[1] Neither party objected to the Magistrate Judge's summary of the medical record.  Accordingly, the Court incorporates that summary here.

asserted "the ALJ never concluded whether Dr. Gruenfeld's opinion was inconsistent with the record." *Id.* White argues the Magistrate Judge improperly crafted a post hoc rationalization to find Dr. Gruenfeld's opinion inconsistent with the record. *Id.* The Commissioner contends the Magistrate Judge committed no error. ECF #13.

When evaluating a medical opinion, an ALJ must, at minimum, explain her consideration of that medical opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The supportability analysis examines "the extent to which 'the objective medical evidence and supporting explanations presented by a medical source ... support his ... medical opinion(s).'" *Sallaz v. Comm'r of Soc. Sec.,* No. 4:22-CV-01239, 2023 U.S. Dist. LEXIS 140829, 2023 WL 5043702, at *10 (N.D. Ohio June 26, 2023) (omissions in original) (quoting 20 C.F.R. § 404.1520c(c)(1)), report and recommendation adopted, 2023 U.S. Dist. LEXIS 143651, 2023 WL 5266613 (N.D. Ohio Aug. 16, 2023). The consistency analysis looks at how consistent a medical opinion is with evidence from other sources. 20 C.F.R. § 404.1520c(c)(2). "A reviewing court evaluates whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion." *Toennies v. Comm'r of Soc. Sec.,* 2020 WL 2841379, at *14 (N.D. Ohio June 1, 2020) (internal quotation marks and citation omitted).

Here, Dr. Gruenfeld opined on White's functional assessment:

***Describe the claimant's abilities and limitations in understanding, remembering, and carrying out instructions***

The claimant was enrolled in general education services in high school. Task comprehension won't be an issue. She reported problems with focus and motivation as a result of her mental health issues and she stated that this has impacted past job performance. Given the nature and severity of her current mental health issues she will have similar problems in the future and will struggle to consistently carry out future job tasks.

5

> ***Describe the claimant's abilities and limitations in maintaining attention and concentration, and in maintaining persistence and pace, to perform simple tasks and to perform multi-step tasks.***
>
> Given the above, she will work slower than others due to her issues of focus and motivation and she will have problems completing multi-step job tasks and a combination of tasks that require multi-tasking.
>
> ***Describe the claimant's abilities and limitations in responding appropriately to supervision and to coworkers in a work setting.***
>
> The claimant noted that she never had problems with co-workers and did not indicate that anger or aggression was a symptom of her depression.  She was polite and respectful during her time in this office.  She answered questions and offered insight without conflict or arguing with the examiner.  She also never spoke in a rude or aggressive tone of voice.  She should be able to effectively work with others.
>
> ***Describe the claimant's abilities and limitations in responding appropriately to work pressures in a work setting.***
>
> Stress will trigger her mental health issues and the quality and consistency of future task performance will worsen as stress heightens.

(ECF 6 at 903-904.)

From the foregoing, and in consideration of other observations made by Dr. Gruenfeld in the report, the ALJ stated:

> Finally, the undersigned considered the psychological consultative examiner's report at Exhibit B6F.  He indicated that the claimant reported problems with focus and motivation that impacted her past job performance and would have similar problems in the future and will struggle to consistently carry out future job tasks, will work slower than others and have problems completing multi-step job tasks. He further noted that the claimant should be able to effectively work with others, but stress will trigger her mental health issues, and the quality and consistency of future task performance will worsen as stress heightens.  The examiner did not provide specific work-related limitations in vocationally relevant terms.  He appears to base his opinion largely on the claimant's subjective reports rather than objective clinical findings.  Nonetheless, to the extent that his opinion can be considered to indicate moderate limitation in the relevant areas of mental functioning, it is consistent with the record.  Accordingly, the examiner's opinion is persuasive to the extent it supports the moderate limitations adopted herein.

(ECF #6.)

6

White states the ALJ "never concluded whether Dr. Gruenfeld's opinion was inconsistent with the record." (ECF #12.)  The Court disagrees.  White's argument appears to be an exercise in semantics.  After observing that the report was not couched in vocationally relevant terms, the ALJ explicitly stated "to the extent that [Dr. Gruenfeld's] opinion can be considered to indicate moderate limitation in the relevant areas of mental functioning, it is consistent with the record." (ECF #6.)  The ALJ's statement implicitly finds that to the extent Dr. Gruenfeld's opinion could be considered to indicate *anything other* than moderate limitations, such a conclusion would be inconsistent with the record.  Moreover, the ALJ's conclusion of moderate mental limitations comes after her observation that White does not receive mental health treatment for depression or anxiety.  (ECF #6.)  "An ALJ may reasonably consider a claimant's lack of mental health treatment in setting forth a RFC determination where, as here, there is no evidence connecting the claimant's lack of treatment to the mental health disorder itself."  *Graham v. Comm'r of Soc. Sec.,* No. 1:23-cv-00574-JDA, 2024 U.S. Dist. LEXIS 24649, at *28-29 (N.D. Ohio Feb. 13, 2024).

While the Court recognizes the ALJ's use of the phrase "to the extent" in her concluding statement of the persuasiveness of Dr. Gruenfeld's opinion may be inartful, it does not reflect a failure to properly articulate a consistency analysis.  The ALJ explicitly states her consideration of the report as a whole and its findings and limitations in conjunction with the broader record.  The broader record includes a lack of mental health treatment.  With that in mind, she finds it consistent with a record of moderate mental limitation.  White's objection that the Magistrate Judge provided a post hoc rationalization by examining summarized evidence in the record is misplaced.  The ALJ incorporated that evidence explicitly when she stated a finding of moderate mental limitation from Dr. Gruenfeld's report was "consistent with the record."  White's cherry-

picked objection to some loose language is insufficient to demonstrate that the ALJ failed to explain her consideration of the supportability and consistency of Dr. Gruenfeld's medical opinion. The law does not require ALJs to use perfect diction, but only that they provide enough context for the court to trace their reasoning. *See Stacey v. Comm'r of Soc. Sec.,* 451 F. App'x 517, 519 (6th Cir. 2011). Straightforward textual analysis sufficiently reveals the ALJ's reasoning.

White's last argument that "The Magistrate Judge simply rubber-stamps the ALJ's supportability finding without providing any further explanation as to why an opinion regarding inherently subjective mental impairments should not also consider subjective complaints" is also misplaced. The ALJ's supportability findings are apparent. As noted above, the written decision specifically articulates "the extent to which 'the objective medical evidence and supporting explanations presented by a medical source ... support his ... medical opinion(s).'" The ALJ describes Dr. Gruenfeld's report, its findings and limitations, and concludes that it is persuasive support for a finding of moderate mental limitations. This meets the necessary articulation by law. Moreover, the written decision is replete with references to White's subjective complaints about her mental health and limitations and the ALJ's consideration of those subjective complaints in her fashioning of White's mental RFC. A thorough review of the written decision demonstrates the ALJ considered White's inherently subjective complaints both within and outside the context of Dr. Gruenfeld's opinion such that White's objection that her subjective complaints were not considered is simply not supported by the facts.

### CONCLUSION

The Magistrate Judge did not err in finding the ALJ applied proper legal standards and reached a decision that was supported by substantial evidence. The ALJ properly evaluated Dr. Gruenfeld's opinion using the supportability and consistency factors to find that it persuasively

supported a finding of moderate mental limitations.  In the absence of a determination that the

ALJ erred, the Commissioner's decision must be affirmed.

 Accordingly, Plaintiff's Obejctions (ECF #12) are **OVERRULED,** the Magistrate Judge's

Report and Recommendation is **ADOPTED** and the Commissioner's final determination is

**AFFIRMED.**

 **IT IS SO ORDERED.**

      /s  Christopher A. Boyko
     **CHRISTOPHER A. BOYKO**
     **United States District Judge**

**Dated: February 10, 2025**